# Brown *versus* Henry.

1. The entry of satisfaction upon the margin of the record of a mortgage, accompanied by the usual attestation of the recorder of deeds, does not constitute a judicial determination by the latter of the fact that the mortgage has been satisfied, so as to estop the mortgagee from subsequently showing, as against a bona fide purchaser for value without notice of the mortgaged premises, that the entry of satisfaction has by mistake been made by an unauthorized person upon the record of the wrong mortgage.

2. In 1855, four mortgages secured on adjoining properties were made by the same parties to the same mortgagee, and recorded in Philadelphia county on consecutive pages in the mortgage book. Three of these mortgages subsequently became vested in B., and the other became

[Brown v. Henry.]

vested in A. In 1867, B., on receiving the principal sum of one of his mortgages, proceeded to satisfy the same of record, but by some accident or mistake the entry of satisfaction was made on the record of the mortgage vested in A. The latter, being a non-resident, appointed an agent to collect the interest on his mortgage, who acted until 1868, when, hearing of A.'s death, he considered his authority to be at an end, and collected no further interest thereon. In 1872 C. purchased the premises covered by A.'s mortgage, paying a full price for the same, upon the faith of a search certificate from the recorder of deeds that there were no unsatisfied mortgages of record against said premises. In 1881, letters of administration d. b. n. c. t. a. were granted on A.'s estate, and the said mortgage passed to the administrator from the late agent. The administrator issued a sci. fa. sur mortgage against C., who defended on the ground that he was a bona fide purchaser for value without notice; that the satisfaction of record was such a judicial act by the recorder as, together with the laches, estopped the administrator from showing any mistake or accident in the entry thereof:

*Held*, that this constituted no valid defence to the scire facias.

April 8, 1884.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ.   GREEN J., absent.

ERROR to the Court of Common Pleas, No. 3, of *Philadelphia county:* Of January Term, 1884, No. 176.

Scire facias sur mortgage by Charles E. Henry, administrator d. b. n. c. t. a. of Giles S. Musson, deceased, who was the assignee, etc., etc., against Morris Brown, terre tenant of John School and Charles Faurest.

At the trial, before LUDLOW, P. J., the following facts were proven: John School and Charles Faurest executed a bond and indenture of mortgage dated March 30, 1850, to Joseph Swift for $2,375, secured on premises now 1117 Lombard Street, in the city of Philadelphia, and recorded in mortgage book G. W. C. No. 15, page 543. By two assignments duly executed and recorded the title to this mortgage, through Benjamin Bullock, became vested in Giles S. Musson on May 19, 1852.   Giles S. Musson being a resident of Antigua, one of the Leeward Islands belonging to Great Britain, the interest on the mortgage was paid to James J. Barclay, who collected it as Mr. Musson's agent and attorney in this country.   Giles S. Musson died in 1855, and by his will, proved in Antigua, he gave his Pennsylvania mortgages to his wife for life with remainder to his daughter.   The widow died in 1881, and letters of administration d. b. n. c. t. a., on the estate of Giles S. Musson, deceased, were granted on June 8, 1881, by the register of Philadelphia county, to Charles E. Henry, defendant in error.   Mr. Barclay continued to collect the interest until 1868, at which time he first heard of Mr. Musson's death, and he believed his authority at an end.   The mortgage papers remained in his possession until 1881, when he delivered them to said Charles E. Henry, the administrator.

The said John School and Charles E. Faurest, at the same time they executed the first mortgage, executed three other indentures of mortgage to said Joseph Swift, which were all duly acknowledged and recorded the same day in said mortgage book G. W. C. No. 15, pages 541, 544, 546, each given for $2,375, and secured upon premises situate on the north side of Lombard Street, immediately adjoining those secured by the Musson mortgage. On June 17, 1858, the title to these three mortgages by two assignments duly executed and recorded, became vested in Horace Binney, Jr., administrator, d. b. n. c. t. a. of William S. Bell, deceased.

On April 15, 1867, Horace Binney, Jr., appeared before the recorder of deeds to satisfy one of said three mortgages, it being secured on the property adjoining and to the east of the property secured by the Musson mortgage; and being recorded in said mortgage book G. W. C. 15, page 544, etc., the next consecutive page to the Musson mortgage. By an accident, or by the negligence of himself and the recorder, Horace Binney, Jr., satisfied the record of the Musson mortgage instead of that of the one held by him.

In April, 1872, Morris Brown bought the premises covered by the Musson mortgage, 1117 Lombard Street, for $4,500, clear of all incumbrances, being a full price for the same. He employed Passmore Williamson, a well-known conveyancer, who testified that he had searches made by the proper officers for incumbrances, and he produced a certificate from the recorder of deeds that there were no unsatisfied mortgages on the premises, and further, that he had taken every precaution known to the profession of conveyancers in Philadelphia to satisfy himself that the land was clear, and that he had no knowledge or suspicion whatever of the existence of this mortgage until about the time this suit was brought.

The plaintiff submitted, inter alia, the following points:

" That the mistake of Horace Binney, Jr., in entering satisfaction on the margin of the record of plaintiff's mortgage is not such a satisfaction of the mortgage within the meaning of the Act of Assembly, but that such satisfaction stands as a nullity against plaintiff's right to recover on his mortgage, and therefore the verdict should be for the plaintiff." Affirmed.

" That the error in entering satisfaction on the margin of the record of plaintiff's mortgage does not discharge the real estate bound thereby from the lien of the same, and the verdict should be for the plaintiff." Affirmed.

The defendant submitted, inter alia, the following point:—

" If the jury find from the evidence that the terre tenant was a bona fide purchaser for value, without notice of the mortgage sued on, and paid purchase-money, interest on and

[Brown v. Henry.]

cash on account of purchase-money mortgage, on the faith
founded upon clear mortgage-searches, and the advice of a
competent conveyancer that he was getting the premises free
of incumbrance, the delay of the holders of the mortgage to
make any claim for the principal or interest for over twelve
years, entitles the terre tenant to a verdict in his favor."
Refused.

The court directed the jury to find a verdict for the plain-
tiff for the whole amount of the mortgage and interest claimed
thereon.   Verdict and judgment for the plaintiff for the sum
of $4,457.12.   The defendant thereupon took this writ, assign-
ing for error the affirmation of plaintiff's points, the refusal of
defendant's, and the direction of the court that the jury find
for plaintiff for the mortgage debt and interest.

*J. Cooke Longstreth,* for plaintiff in error.—Presumption of
payment of a specialty within less than twenty years, may be
established by circumstances which, taken in connection with
the time that has elapsed, will justify a verdict for defendant.
Thus the absence from the inventory of decedent's estate of
such specialty is one of such circumstances, and the continued
absence of a claim by the executors against the obligor is
another: Tilghman *v.* Fisher, 9 Watts, 441; Diamond *v.*
Tobias, 2 Jones, 314; Brubaker *v.* Taylor, 26 P. F. S., 83;
Moore *v.* Smith, 31 Smith, 182; Hughes *v.* Hughes, 4 P. F. S.,
242; Briggs's Appeal, 12 Norris, 485.   The mortgage might
have been assigned by parol: Craft *v.* Webster, 4 Rawle, 256;
Moore *v.* Cornell, 18 P. F. S., 322; Gross *v.* Reinhard, 14 W.
N. C., 224; Act April 9, 1849, § 14, Purd. Dig., 471, pl. 66.
The recorder's attestation shows that he admitted the party
to make the entry upon showing his right to do so.   Whether
Mr. Binney produced the original mortgage or not is imma-
terial.   It is no part of the recorder's duty to mark it satisfied.
*Omnia præsumuntur rite esse acta donec probetur in contrarium.*
The argument under this head need not go to the extent of
assuming that the recorder's decision was absolutely con-
clusive.   But in any event a bona fide purchaser of the mort-
gaged premises after the entry of satisfaction, and without
notice of the mortgage, is to be protected by his judgment:
Brown *v.* Simpson, 2 Watts, 233, 235; Roberts *v.* Halstead,
9 Barr, 32; Coyne *v.* Souther, 11 P. F. S., 455.   Mitchell *v.*
Buffington, 10 W. N. C., 361 should be read with Buffington
*v.* Bernard, 9 Norris, 63.   The latter decides that a fraudu-
lent entry of satisfaction of a judgment unquestioned for
eleven years discharges the defendant who was surety.   The
act of the prothonotary is no more solemn than that of the
recorder of deeds.

*Thomas A. Gummey*, for defendant in error.—The right of mortgagees cannot be frittered away like mist before the morning sun, by third parties who, through their negligence, as well as that of the officials whose duty it is to see that the records are not meddled or tampered with, make erroneous entries upon them or satisfy mortgages they do not own.    The record of satisfaction of a mortgage has no greater sanctity or solemnity than any ordinary declaration or receipt made by an individual, and procured by fraud, or by accident, or by mistake, and is therefore open to contradiction, either in fact or law: Russell *v.* The Church, 15 P. F. S., 9; Mitchell *v.* Buffington, 10 W. N. C., 361; West's Appeal, 7 Norris, 341; Lancaster *v.* Smith, 17 P. F. S., 427; Fleming *v.* Parry, 12 Harris, 47.

Mr. Justice PAXSON delivered the opinion of the court, April 21, 1884.

This was a scire facias upon a mortgage.    The terre tenant defended upon the ground that the mortgage in suit had been satisfied of record before he purchased the property; that he had been furnished by the recorder of deeds with a clean search, and that he had paid the full value of the premises. None of these allegations of the terre tenant appears to have been disputed on the trial below.    The whole difficulty arose out of the fact that the entry of satisfaction was evidently a mistake.    It was entered by Horace Binney, Jr., administrator d. b. n. c. t. a. of William S. Bell, deceased.    Mr. Binney held a mortgage given by John School and Charles Faurest to Joseph Swift, and by the said Swift assigned to Horace Binney, Esq., and Margaret Bell.    This mortgage having been paid to Mr. Binney, he indorsed a receipt in full upon the bond, and went to the recorder's office to enter satisfaction of record upon the mortgage.    It so happened that upon the record there was another mortgage, given by the same parties to Mr. Swift for a like amount, and upon an adjoining property, but held by other parties.    By an unfortunate mistake the entry of satisfaction was entered upon the record of the last-mentioned mortgage.    This mistake was not discovered for several years.    In the mean time the plaintiff in error became the purchaser of the premises bound by the last-mentioned mortgage, in entire ignorance of its existence, as it did not appear upon the searches which he obtained.    From this state of facts it is obvious one of the parties must suffer a serious loss.    Neither appears to be in default; neither can complain that he has been misled by the other; hence there is no room for the application of the principle that where one of two innocent parties must suffer, the loss shall fall upon

the one whose acts of commission or omission occasioned the injury. It is our business to ascertain where the law places it.

The 9th section of the Act of 28th May, 1715, 1 Sm. L., 95, makes it the duty of the mortgagee, having received full payment of the money due upon the mortgage, to enter satisfaction in the recorder's office upon the margin of the record of such mortgage, if requested by the mortgagor to do so. In view of this Act it was held in Lancaster v. Smith, 17 P. F. S., 427, that satisfaction is the act of the mortgagee, not of the recorder. The latter is the custodian of the records; it is his duty to keep them and to hand them over undefaced to his successor in office, but he takes no part in the entry of satisfaction beyond the production of the proper book and attesting the entry. Even the latter act is not devolved upon him by any Act of Assembly. It is very properly done for purposes of convenience. But his record in such case, though called a record, lacks the element of verity which exists where a record is made up by an officer of the court and under the eye of the court, after hearing the parties: Fleming v. Parry, 12 Harris, 47. A recorder has no power to enter satisfaction by virtue of his office. He may do so if specially authorized by a letter of attorney, and, in particular instances, under certain Acts of Assembly, he may be directed to do so by an order of court. Had the recorder possessed such general power, then his act in entering satisfaction would be conclusive. His acts have been so held where they were such as the law required him to perform, as where he makes the entry of the date of receiving a mortgage for record: Musser v. Hyde, 2 W. & S., 314. The point was pressed with considerable ingenuity and force that it is the duty of the recorder to see that the party about to enter satisfaction has the proper authority to do so, and that his permission to enter satisfaction is a judicial determination of the question of authority. We cannot assent to this broad proposition, nor to any other which clothes the recorder with judicial powers, or which invests the entry of satisfaction with any of the attributes of an act done by a public officer in the performance of a public duty. The satisfaction of the mortgage is as much the act of the mortgagee as is his receipt upon the back of the bond. The recorder merely produces the book to the mortgagee and allows him to enter satisfaction. That it is his duty to prevent his records being defaced may be conceded; that in point of fact care is usually taken to prevent unauthorized persons entering satisfaction may be admitted without attributing to his conduct in this regard the weight of judicial action.

In Lancaster v. Smith, supra, the satisfaction was entered by virtue of a forged power of attorney. It was said by this

court: "In the case before us it is the duty of the mortgagee to enter the satisfaction, and the recorder only receives and attests the fact. Here there was an entry of satisfaction purporting upon its face to be done by an agent or attorney, and not by the party herself. That the agent made the entry is undeniable, for of this the official attestation of the recorder is evidence. But that the agent was authorized to make it depends on the power of attorney and not on the attestation of the recorder. This brings us to face the true question, to wit, Is the mortgagee bound by the unwarranted act of the agent, founded on a fraud and forgery? It is clear she is not, unless estopped by some act of her own which gave it color and misled an innocent purchaser."

There was neither fraud nor forgery in this case. There was a mistake only; a most unfortunate one, it must be conceded, but forgery and fraud would not have added to its strength. The ground of the decision in Lancaster *v.* Smith was that the satisfaction had been entered without the authority of the mortgagee. It is immaterial whether the want of authority is the result of fraud or of mistake. The authority to enter satisfaction is lacking in either case, and because of its absence the satisfaction is worthless.

This disposes of the only important question in the case. The plaintiff in error had little occasion to concern himself as to who was the person legally entitled to the mortgage money, as payment of the judgment would protect him, and the payment of interest to Mr. Barclay in 1868 was sufficient to rebut any presumption arising from lapse of time.

Judgment affirmed.