## Sarah Himes *v.* Aaron Herr, Appellant.

*Principal and agent—Extent of agent's power, how shown.*

The extent of an agent's powers depends upon the authority under which he acts. This may be shown · by his written instructions or his course of dealing, and applies to cases where an agent has been allowed to exercise enlarged powers from time to time and his acts therein have been ratified by his principal.

*Principal and agent—Satisfaction of judgment by attorney at law.*

Where an attorney at law, who has loaned money for his client on a judgment and has been permitted to act as her agent and attorney in this and other matters, receives the principal of the debt and enters satisfaction on the judgment, but misappropriates the money, a rule to strike off the satisfaction should not be granted where the client had authorized such a course of business to be established and continued as to warrant a man of ordinary caution in believing that the attorney was her trusted representative.

Argued Nov. 13, 1896. Appeal, No. 102, Nov. T., 1896, by defendant, from· decree of C. P. Lancaster Co., Jan. T., 1896, No. 964, making absolute rule to strike off satisfaction of judgment. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Rule to strike off satisfaction of judgment. Real debt $500.

The following facts appear from the opinion of the Superior Court.

"To No. 964 of January term, 1886, a judgment was entered in the common pleas of Lancaster county in favor of Sarah Himes against Aaron Herr for $500, which was revived by an amicable scire facias to No. 154 of January term, 1891, for the same amount, and judgment entered thereon February 2, 1891.

"On April 1, 1892, G. C. Kennedy, a member of the bar, at that time in good professional standing, received ·from the defendant the amount of the debt and interest, and placed on record of the judgment the following satisfaction memorandum :

"'This judgment is paid, satisfied and released. Witness my hand and seal.'

"'G. C. KENNEDY, [SEAL]

"'Attorney for Sarah Himes.'

" January 27, 1894, Sarah Himes presented her petition verified by her affidavit to the court, setting forth: That on February 2, 1891, she advanced and loaned to Aaron Herr the sum of $500; that said Herr gave to her a judgment bond for the sum of $500, which was duly entered; that on April 1, 1891, G. C. Kennedy, a member of the Lancaster bar, without any authority from her, and without her knowledge or consent, entered satisfaction of said judgment; that Kennedy was not employed by her for the purpose of entering satisfaction; that he was not authorized to enter an appearance for her; that she never received any money in payment of the judgment; that she did not know of the satisfaction of the judgment until about December 1, 1893; that Kennedy never informed her that he had entered satisfaction of the judgment, but for the purpose and with intent to deceive and defraud her, paid to her the interest on April 1, 1892, and April 1, 1893, telling her that Herr had paid him her interest; and prayed for a rule to show cause why the said entry of satisfaction of said judgment should not be stricken off, and that it should remain a lien against Aaron Herr.

" A rule was granted, to which Aaron Herr filed an answer stating: That Kennedy was a regular member of the bar on April 1, 1892, when he paid to him the principal and interest of the judgment; that Kennedy was the attorney and agent generally for Sarah Himes and invested money for her; that the money for which he gave the judgment to Sarah Himes he received from G. C. Kennedy by his individual check; that he never saw Sarah Himes; that he always paid the interest on the judgment to Kennedy as her agent; and that he is informed and believes Kennedy was authorized to invest and receive money belonging to Sarah Himes.

" Depositions were taken, and after hearing, the rule was made absolute.    The defendant appeals to this court.

" From the evidence of plaintiff in the case, it appears she was eighty-three years old in 1894; Kennedy was her relative, a grandnephew—and for her had made a number of important investments, she placing the money in his hands, and he issuing his individual checks to the borrowers, receiving interest on the loans and transmitting them to her.    Her advanced age is sufficient excuse for not remembering several large loans made through his

direction and under his care, as shown by the records. In this case, the defendant was not a client of Kennedy, but hearing that he had control of the money to be invested, sought him as the representative of the money, and after negotiations gave on April 1, 1886, to Kennedy his judgment bond (in which Sarah Himes is the obligee) and received from him his individual check for $500. Judgment was entered in common pleas of Lancaster county, and on February 2, 1891, the judgment was revived and its lien continued by an amicable scire facias without knowledge of the plaintiff."

The court made absolute the rule to strike off satisfaction of judgment. Defendant appealed.

*Errors assigned* were (1, 2) in striking off the entry of satisfaction.

*George Nauman*, for appellant.—Agency may be made out as an implication from circumstances as well as by direct proof: Jordan v. Stewart, 23 Pa. 247; Arthurholt v. Ins. Co., 159 Pa. 7; Williams v. Walker, 2 Sanford Chanc. 325; McMahon v. Bardinger, 18 W. N. C. 112; Miller v. Preston, 154 Pa. 63.

*C. Reese Eaby*, for appellee.—Where the testimony proves that the money was paid to an attorney on the faith of his supposed integrity and financial responsibility, without any inquiry as to whether he was authorized to receive it or not, a satisfaction must be stricken off. This doctrine was laid down by the Supreme Court in Sergeant v. Martin, in 133 Pa. 122; citing also Pepper v. Cairns, 133 Pa. 114.

As to powers and duties of an attorney at law, see Kirk's Appeal, 87 Pa. 243; Campbell's Appeal, 29 Pa. 401.

An agent authorized to receive the interest on a mortgage has no right to give a discharge for the principal: Taylor v. Wingert, 33 Leg. Int. 238; Cowden v. Bechler, 6 Pa. C. C. 10; Anderson on Contracts, sec. 342.

Authority to loan money and take security for its payment implies no authority to collect it: Wharton on Agency, sec. 230; Isaacs v. Zugsmith, 103 Pa. 77; Tompkins v. Woodford, 1 Pa. 156; Slaymaker v. Herr, 12 Lanc. Law Review, 342.

The law is undoubted that authority alone to collect the

interest does not imply authority to collect the principal: Taylor v. Wingert, 33 Leg. Int. 238; Bryant v. Hamlin's Executors, 3 Dist. Rep. 385.

OPINION BY ORLADY, J., December 7, 1896 (after reciting the facts as above):

From the inception of the loan until April 1, 1892, the interest was annually paid by Herr to Kennedy. The court below, in the opinion filed, imposed the whole burden of inquiry upon the borrower. "Kennedy did not tell him whose money it was and he did not know until he saw the bond. After he saw the bond he knew the money came from Mrs. Himes. He does not say he ever made inquiry where Mrs. Himes resided or whether he should pay the money to her. He never asked Kennedy or inquired whether he had authority to receive the money and enter satisfaction on the record or not. He paid the money and took his chance. His negligence was his undoing."

This was too severe a test of his duty and liability. Conversely it could be said Mrs. Himes knew when the loan was made in 1886 that Herr was to be her debtor and sent the money to Kennedy for delivery to Herr; knew the judgment was entered because she had a certificate; approved of the payment of interest annually to Kennedy and accepted it from him; knew or should have known of the revival of the judgment by Kennedy; and when informed of the satisfaction of the judgment by Kennedy in December, 1893, and his receipt of this money, recognized the indebtedness as being that of her grandnephew, who for seven years had looked after this and other loans for her, and not Aaron Herr, whom she had never seen, by making a claim for this, with other money, and accepting in satisfaction of this very claim, a deed (dated January 2, 1894, with a consideration mentioned at $2,603.25 "made up of a mortgage of $2,000 against Hofmaster and the judgment of Aaron Herr for $500 and other items)" from him, with a full understanding of her act, when represented by competent counsel, to satisfy these claims, she accepted his interest in a farm in Salisbury township, and a transfer of his interest in the fee in the Lechler estate.

The authorities cited by appellee do not apply to this case. It is different in its facts from any presented. During the

whole course of the business, Sarah Himes authorized such a course of business to be established and continued, as to warrant a man of ordinary caution in believing that Kennedy was her trusted representative, in the care of this investment; and when his default was discovered, at once ratified his act of receiving the money for her, by accepting from him a deed in satisfaction of the claim.

The extent of an agent's powers depends upon the authority under which he acts. This may be shown by his written instructions or his course of dealing. It is true the public are not always bound by the private instructions of the agent; and may hold the principal responsible, though the particular acts are in excess of his private instructions. It applies to cases where the agent has been held out to the world as such by the principal, allowed to exercise enlarged powers from time to time, and his acts therein have been ratified by his principal: American Life Ins. Co. v. Shultz, 82 Pa. 46; Schrack v. Mc-Knight, 84 Pa. 29; Hubbard v. Tenbrook, 23 W. N. C. 351.

The records of the county show that from 1879 to 1892 G. C. Kennedy, acting for Sarah Himes, entered, satisfied, released, transferred, revived and otherwise cared for eight judgments and mortgages aggregating $16,600, some by virtue of a special power of attorney, and others as attorney at law. None of these was repudiated and her ratification of his act is to be presumed from the absence of dissent, which is equivalent to precedent authority.

Under the special facts in this case, the court erred in making the rule absolute, and the decree is reversed, costs to be paid by the appellee.