## Cummings v. Horter.

*Assignment of mortgage—Fraud in procurement—Equitable defense by defendant who is part owner and mortgagee.*

An assignor of a mortgage who is also part owner of the mortgaged premises, in a suit brought by the assignee, may set up as a defense fraud alleged to have been committed in the procurement of the assignment upon which the plaintiff's right to sue is founded. A resort to equity will not be required where the common-law machinery has been set in motion by the plaintiff, and furnishes adequate opportunity for a determination of the pending dispute.

Argued Oct. 19, 1900. Appeal, No. 175, Oct. T., 1900, by plaintiff, in suit of Henry M. Cummings, assignee, etc., against Jacob W. Horter and Edward Twaddell, terre-tenant, from judgment of C. P. No. 1, Phila. Co., March T., 1900, No. 1110, refusing judgment for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Rule for judgment for want of a sufficient affidavit of defense.

It appears from the record that suit was brought on a sci. fa. sur mortgage by Henry M. Cummings who was assignee of Edward Twaddell, who in succession was an assignee of

Charles H. Shoemaker, against Jacob W. Horter and Edward Twaddell, terre-tenant. Judgment was entered as to the mortgagor defendant on two returns of nihil. Edward Twaddell, terre-tenant, appeared and filed an affidavit of defense. This affidavit set out, inter alia, that the property mentioned in the mortgage is owned by the estate of Jacob W. Horter in which the affiant, terre-tenant, was one of the parties in interest and therefore one of the owners thereof; that he is also the owner of the said mortgage; that said mortgage does not belong to Henry M. Cummings, plaintiff in the above case, but on the contrary belongs to the affiant and was obtained from him by fraud. The affidavit then proceeded to set out the circumstances on which the allegation of fraud was based.

The court below discharged the rule for judgment against the terre-tenant for want of a sufficient affidavit of defense. Plaintiff appealed.

*Error assigned* was in discharging the rule for judgment for want of a sufficient affidavit of defense.

*Reynolds D. Brown*, with him *Malcolm Lloyd, Jr.*, and *Charles H. Burr, Jr.*, for appellant.—It is respectfully submitted that, as assignor, he has no standing whatever in this suit to foreclose the mortgage, and that as terre-tenant he is restricted to those defenses which the mortgagor could have set up. It is difficult to find authority for such a simple proposition of law, but in Hulett v. Mutual Life Insurance Company, 114 Pa. 142, the Supreme Court intimated that this is a correct statement of a terre-tenant's position. If Twaddell can prove such a state of facts as he alleges to exist in his affidavit of defense, his obvious remedy is by a bill in equity to set aside the legal conveyance to Cummings.

*Frank P. Prichard*, for appellee.—The defendant was one of the legal owners of the ground, and was necessarily a party defendant. If he won his case, on the ground that the assignment was fraudulent, the plaintiffs had no right to collect the mortgage as against any one. In fact, they had no right to hold it. If, on the other hand, it was decided that the assignment was not obtained by fraud, but was valid, then plaintiffs

had a right to collect it out of the ground as against every one. The parties to this issue were necessarily and properly parties plaintiff and defendant in the case. It could therefore be legally tried between them. When tried, a verdict either way would settle the rights of the plaintiffs to the mortgage, and would involve no complications of or interference with any one else's rights. It would be most absurd to say to the defendant: true it is that you are properly defendant in a suit on the mortgage, but, notwithstanding that you are properly a party defendant, you cannot set up that the plaintiff has no title to the mortgage, but must bring another suit in equity to restrain the plaintiff from suing you. This would be, indeed, a novel doctrine in Pennsylvania, where every court of law is a court of equity, and where an equitable defense can be set up in a court of law without the necessity of bringing a suit in equity to enjoin the plaintiff from prosecuting.

OPINION BY WILLIAM W. PORTER, J., December 10, 1900 :
This suit is upon a mortgage. The plaintiff is an assignee who, it is alleged by the affidavits of defense, took title from an assignee whose assignment was obtained from Edward Twaddell by fraud. Edward Twaddell is named in this action as terre-tenant. He is a part owner of the land covered by the mortgage, and was so when he owned and assigned the mortgage.

It is contended that as assignor of the mortgage Twaddell has no standing to defend, and that as terre-tenant he is restricted to those defenses which the mortgagor could set up. The position of the defendant as owner of a mortgage upon his own land is unusual. Ordinarily such a condition would result in a merger of the mortgage in the title to the land. As the defendant was, however, but a part owner of the land, he could in equity keep alive the mortgage to secure the debt upon all of the interests in the land.

The plaintiff's title to the mortgage is based upon an alleged fraud perpetrated against an assignor who is also part owner of the land. The parties here are of necessity, and by the act of the plaintiff, made parties plaintiff and defendant to try the right of the plaintiff to foreclose the mortgage. The defense, as between such parties, raises the question whether the defendant, after fraud committed against him in the procurement of an assign-

458, (1900).]                Opinion of the Court.

ment (upon which fraudulent assignment the plaintiff's right to sue is founded) is powerless to set up the fraud to prevent the sale of his land.   We think that such a defense, if proven, is available in this action.   True, it is an equitable defense, but equitable defenses are cognizable in our courts of law.   The plaintiff contends that a proceeding in equity is the defendant's sole recourse.   But why multiply actions to determine a single right?   Why compel a resort to equity where the common law machinery has been already set in motion by the plaintiff and furnishes adequate opportunity for a determination of the pending dispute?   The plaintiff complains that in case of the defendant's success before a jury the verdict will have the effect of a satisfaction of the mortgage.   But the defendant's success will cut off the plaintiff's interest in the subject-matter.   If the defendant is satisfied as to the effect of such a verdict the plaintiff need scarcely concern himself therewith.   As the case must go back for trial, we follow the discussion no further.

The order is affirmed.