## Barnhart, Appellant, *v.* Brown et al.

*Equity—Jurisdiction—Bill for cancellation of satisfaction of mortgage.*

The right of the plaintiff mortgagee on the trial of a scire facias sur mortgage to show that an alleged satisfaction of a mortgage was a forgery, does not preclude such mortgagee from seeking ap-

propriate relief from a court of equity, where his mortgage has been satisfied on the record through forgery and fraud. He is not bound to collect the principal of his mortgage because someone has forged and fraudulently acknowledged the satisfaction of it; he may prefer the mortgage security to the money.

Whenever the remedy in equity is more efficacious, adequate or convenient than an action at law, chancery will assume jurisdiction in relief of fraud.

Argued April 24, 1925. Appeal No. 209 April T., 1925, by plaintiff, from decree of C. P. Westmoreland County, sitting in equity. No. 1211 Equity Docket, in the case of N. A. Barnhart v. Dominik Mockus, A. P. Darr, W. Riley Alter and T. J. Fred Brown. Before PORTER, HENDERSON, TREXLER, KELLER and GAWTHROP, J. J. Reversed.

Bill in equity for cancellation of satisfaction of mortgage alleged to have been forged. Before Dom, J.

The opinion of the Superior court states the case.

The court sustained the demurrer. Plaintiff appealed.

*Errors assigned* were the decrees of the court.

*H. E. Cope, Frank Thompson* and *Charles C. Crowell,* for appellants.—All the parties named as defendants in the bill are necessary and indispensable. Equity, 21 Corpus Juris, Section 276, page 273, and Section 309, page 318; Hartley v. Langkamp et al., 243 Pa. 550.

Upon the facts averred has the plaintiff a full, complete, convenient and adequate remedy at law? Tyron et. al. v. Munson et. al., 77 Pa. 250; Nerpel's Appeal, 91 Pa. 336; Dateman's Appeal, 127 Pa. 358; Kauffman's Appeal, 112 Pa. 645; Gangwere's Appeal, 36 Pa. 466; Wells v. Van Dyke, 109 Pa. 330; Peebles's Appeal, 157 Pa. 609; Wagner, Appellant, v. Fehr, 211 Pa. 435; B. & L. Ass'n v. Real Estate Title Co., 156 Pa. 181; Bierbower's Appeal, 107 Pa. 14; Edison Illuminating Company v. Eastern Pennsylvania Power Company, Appellant, 253 Pa. 457.

*Benjamin H. Thompson,* for appellee.—Where a grantee accepts a deed containing an assumption of personal liability as to an encumbrance, he is only liable to the persons from whom he accepts such deed. Blood v. Crew-Levick Co., 177 Pa. 606; Sloan v. Klein, 230 Pa. 132; Smith v. Danielson, 45 Pa. Super. Ct. 125. A Court of Equity will not interfere to redress any injury for which there is an ample remedy at law. Lewisburg Bridge Company v. County of Union, et. al., 232 Pa. 255; White v. McKeesport Borough, 101 Pa. 394; Gallagher v. Fayette County Railroad Co., 38 Pa. 102; Patterson, et. al. v. Lane, et. al., 35 Pa. 275; Marshall v. Penna. Co., 44 Pa. Super. 68.

OPINION BY KELLER, J., October 6, 1925:

The sole question raised by this appeal is whether equity has jurisdiction to order the satisfaction of a mortgage to be cancelled when the signature to the satisfaction piece was forged and the certificate of its acknowledgment was false and fraudulent.

The court below sustained the demurrer filed by W. R. Alter, one of the defendants to the plaintiff's bill in equity, praying that the satisfaction of the mortgage given him by the defendant Brown, and covering the real estate now owned by the defendant Mockus, be cancelled as a forgery, on the ground that there was a full and complete remedy at law; and dismissed the bill.

It is undoubted that on the trial of a scire facias sur mortgage the plaintiff may show that an alleged satisfaction of the mortgage was a forgery: Lancaster v. Smith, 67 Pa. 427; or that its entry was a mistake: West's Appeal, 88 Pa. 341; Brown v. Henry, 106 Pa. 262. But this does not preclude a mortgagee from seeking appropriate relief from a court of equity where his mortgage has been satisfied on the record through forgery and fraud. He is not bound to collect the principal of his mortgage because some one has forged and

fraudulently acknowledged a satisfaction of it; he may prefer the mortgage security to the money. On the other hand if, knowing such a false and fraudulent satisfaction to be on record, he does nothing to disavow and set aside the forgery he may be estopped from enforcing his mortgage against an innocent purchaser or subsequent mortgagee who acted in reliance upon such satisfaction after the original mortgagee had reasonable opportunity to sue for its cancellation and failed to do so: Fasset v. Smith, 23 N. Y. 252, 259.

Relief from fraud in all its forms has always been peculiarly the province of equity. In Wagner v. Fehr, 211 Pa. 435, the subject was considered at length and a bill praying for the reconveyance of real estate secured by fraud was upheld although damages for the fraud might have been obtained by an action at law. In that case the opinion quotes with approval the statement of Mr. Bispham (Principles of Equity, section 200), "Apart from statutory limitations, the better opinion would seem to be that the cognizance of every case of fraud, with the single exception of fraud in obtaining a will, belongs to the court of chancery even though there may be a complete remedy at law. The jurisdiction in such a case is concurrent. This is the opinion of Lord Eldon, Chancellor Kent and Mr. Spence. The true conclusion would appear to be that equity would have the power to entertain a bill in such cases, but that it is not according to the usual course and practice of chancery to do so. Where, however, the remedy at law is not full and adequate, the jurisdiction of chancery in cases of fraud is undoubted"; and the following extract from the opinion of GREEN, J., in Garland v. Rives (Va.), 4 Randolph 282, 307, 15 Am. Dec. 756, "A court of equity, in all cases of actual fraud has a concurrent jurisdiction with a court of law in remedying the fraud; and the remedy in equity is frequently more beneficial than at law, by means of its power to compel discovery and to cause fraudulent

deeds and securities to be cancelled or conveyances to be made, thus effectually putting an end to future litigation.'' Wherever the remedy in equity is more efficacious, adequate or convenient than an action at law, chancery will assume jurisdiction in relief of fraud: Bierbower's App., 107 Pa. 14; Mortland v. Mortland, 151 Pa. 593; Johnston v. Price, 172 Pa. 427; Penna. R. Co. v. Bogart, 209 Pa. 589; Edison Ill. Co. v. Eastern Pa. Power Co., 253 Pa. 457. Thus in Mortland v. Mortland, supra, a bill to set aside a deed, alleged to have been executed by an attorney in fact through the corrupt procurement of the grantee, was sustained, although the fraud might have been presented as matter of defense in an action of ejectment. See pp. 595, 596. It is well settled that the extension of the remedy at law to cases originally within the jurisdiction of a court of equity is no bar to a chancery proceeding for the same cause: Wesley Church v. Moore, 10 Pa. 273, 279; Johnston v. Price, supra.

In a case such as this one, where the real estate covered by the mortgage has been twice conveyed subject to the lien of the mortgage and the grantees have respectively assumed its payment, and where the land has been encumbered by another mortgage which claims a first lien; where the rights of a number of persons may be affected by the mortgage and its accompanying bond in different respects and relations, (see Keene Home v. Startzell, 235 Pa. 110), it cannot be doubted that a suit in equity is more efficacious, adequate and convenient than recourse to possibly numerous actions at law.

Bills in equity to cancel the satisfaction or release of a mortgage entered by fraud or mistake have been upheld by our Supreme Court in Independent B. & L. Assn. v. Real Estate Title Co., 156 Pa. 181, 187-193; and Callahan's App., 23 W. N. C. 233; by this court in Kasson v. Rocky Glen Water Co., 81 Pa. Superior Ct. 11; and by the courts of other jurisdictions in Bruce v.

Bonney, 12 Gray 107 (Mass.); Mallett v. Page, 8 Ind. 364; Dudley v. Bergen, 23 N. J. Eq. 397; DuBois v. Schaffer, 23 N. J. Eq. 401; Wilton v. Mayberry, 43 N. W. 901 (Wis.); and a bill to cancel a mortgage obtained by fraud was upheld in Campbell v. Foster Home Assn., 163 Pa. 609, although the matter could have been pleaded in defense on a suit upon the mortgage. See also Miller v. Preston, 154 Pa. 63; Himes v. Herr, 3 Pa. Superior Ct. 124; Goll v. Ziegler, 61 Pa. Superior Ct. 616, in each of which cases satisfaction of a judgment was stricken off on the ground of fraud; the rule to strike off being only a substitute, under our practice, for a bill in equity.

In none of the cases relied upon by the court below and the appellee was it even suggested that a bill in equity would not lie to cancel a satisfaction of mortgage falsely or fraudulently entered. They only decided that such forgery or fraud could be interposed as a defense to the scire facias sur mortgage. The position taken by the defendants in those cases, or at least some of them, was that a bill in equity was the only mode of relief. See West's App., supra, p. 346; Cummings v. Horter, 15 Pa. Superior Ct. 458, 461. In deciding that the equitable defense of fraud (Cummings v. Horter, supra, p. 461) was available in the pending action at law, it was not intended to rule—(nor was it so ruled, in fact),—that the more complete, adequate and efficacious remedy by bill in equity could not have been resorted to if the aggrieved party had so desired.

The decree is reversed, and the demurrer filed by the appellee, W. R. Alter, is overruled, with leave to answer.

Costs on this appeal to be paid by appellee.