J-S45017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AMERICAN LOAN 2, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| 3006 BALTZ ST LLC | : | |
| | : | |
| Appellant | : | No. 60 EDA 2020 |

Appeal from the Judgment Entered January 15, 2020,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  No. 180405042.

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                Filed: January 21, 2021

The defendant in this action to quiet title, 3006 Baltz St LLC, appeals from the judgment entered in favor of American Loan 2, LLC.  Following a bench trial, the court found a third party that sold the subject property to 3006 Baltz St LLC had forged a mortgage-satisfaction piece.  The trial court voided that fraudulent instrument and reinstated American Loan 2's $110,000 Mortgage on the subject property, in Philadelphia.  We affirm.

American Loan 2 is a closely held corporation.  Its sole member, Alan Candell, Esq. founded American Loan 2 in 2006 to provide loans to investors in the Philadelphia rental and house-flipping markets.  Mr. Candell's company has processed over 500 loans and mortgages.  American Loan 2 obtained and recorded mortgages on the properties that its borrowers owned, so it could foreclose upon the properties in cases of default.

A third party, RBA Capital L.P., funded American Loan 2. RBA Capital would secure its line of credit by recording security interests in the mortgages that American Loan 2 and similar lending companies had on properties. As part of that arrangement, RBA Capital did **not** service the loans or mortgages and had no connection to the property owners. However, if American Loan 2 defaulted on its obligations to RBA Capital, RBA Capital could use the security interest to substitute itself as the mortgagee of the properties. There is no evidence that such a substitution ever occurred.

On June 25, 2007, Songhai Partners LLC borrowed $65,000 from American Loan 2, LLP to improve the subject property. Songhai executed a promissory note and mortgage in favor of American Loan 2 on the property. The Recorder of Deeds of Philadelphia County recorded that mortgage within the property's chain of title. Three days later, American Loan 2 assigned that mortgage to RBA Capital "to grant RBA Capital a security interest in the $65,000 Mortgage." Trial Court Findings of Fact, 10/31/19, at 2. "Under the RBA Line of Credit, [American Loan 2] was authorized to modify the $65,000 loan" with Songhai. *Id.* at 3.

American Loan 2 granted Songhai additional funds on April 1, 2008. American Loan 2 therefore received a new promissory note from Songhai and a modified mortgage for $110,000 on the subject property. Songhai also executed an assignment of rents to American Loan 2, so American Loan 2 could assume the right to collect the rents from the subject property if Songhai

defaulted.  The Recorder of Deeds recorded both instruments within the chain of title.

In March of 2017, Songhai still owed the full principle and accumulated interest on its loan.  Even so, Songhai forged a satisfaction piece for the $110,000 Mortgage and the assignment of rents.  Those documents bore the falsified signatures of Mr. Candell, and they failed to identify him as an officer and agent of American Loan 2.  Songhai presented its forgeries to the Recorder of Deeds, who recorded them.  On the same day, Songhai presented a forged satisfaction for the $65,000 Mortgage, which purported to be executed by Timothy Bricker on behalf of RBA Capital.  Mr. Bricker testified that, on the date Songhai forged the $65,000 Satisfaction, he no long worked at RBA Capital, and RBA Capital was defunct.  The Recorder recorded that forgery as well.

Then, by an April 26, 2017 deed, Songhai conveyed the subject property to 3006 Baltz St LLC for $75,000.  The next week, Songhai attempted to convey the same property to Eleventh Street LLC for $50,000.  Finally, by a November 8, 2017 deed, Eleventh Street LLC attempted to convey its interest in the property to 3006 Baltz St LLC for $1.  Mr. Candell testified that the subject property is in a desirable neighborhood and was worth $300,000 at the time of the three conveyances.

The parties agree that 3006 Baltz St LLC has title to the property.  Upon discovering the forged satisfactions pieces in the chain of title, American Loan

2 filed this suit to determine whether its $110,000 Mortgage encumbers 3006 Baltz St LLC's title.

At trial, American Loan 2 called two witnesses, Mr. Candell and Mr. Bricker. The trial court deemed them credible. American Loan 2 also submitted various documents. 3006 Baltz St LLC presented no evidence or testimony. The trial court filed extensive Findings of Fact and Conclusions of Law and an order granting American Loan 2 full relief. Specially, it granted American Loan 2 (1) declaratory judgment that the $110,000 Satisfaction is null and void; (2) an order striking the forgery from the chain of title; and (3) declaratory judgment that the $110,000 Mortgage is reinstated.

The trial court denied post-trial motions, and this appeal followed. The court issued its 1925(a) Opinion, incorporating the Findings of Fact and Conclusions of Law by reference.

In this Court, 3006 Baltz St LLC asserts the trial court erred when (a) it found that the $110,000 Mortgage was a valid lien, (b) that American Loan 2 could modify the mortgage after assigning the mortgage to RBA Capital, (c) that the $110,000 Satisfaction is a forgery, and (d) that 3006 Baltz St LLC is not a subsequent, *bona fide* purchaser. **See** 3006 Baltz St LLC's Brief at 1-2.

We afford the factual findings from a bench trial "the same weight and effect on appeal as a verdict of a jury . . . ." **Zuk v. Zuk**, 55 A.3d 102, 106 (Pa. Super. 2012). We view the evidence "in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true . . . ." **Hart v. Arnold** 884 A.2d 316, 330–31

- 4 -

(Pa. Super. 2005), *appeal denied*, 897 A.2d 458 (Pa. 2006). On questions of law, however, our standard of review is *de novo*, and "our scope of review is plenary, as it is with any review of questions of law." ***Zuk***, 55 A.3d at 106.

American Loan 2 presented the only evidence at the trial. Based on that uncontradicted evidence, the factual findings of the trial court have support in the record and bind this Court. As for the trial court's Conclusions of Law, we fully agree with the analysis of that court. The learned Judge Giovanni O. Campbell of the Court of Common Pleas of Philadelphia County fully disposed of the issues now on appeal following trial, and we adopt his Conclusions of Law as our own.

The trial court ruled that the $110,000 Mortgage is valid, because American Loan 2 perfected and recorded it while Songhai owned the property in issue. The assignment of the $65,000 Mortgage to RBA Capital did not limit American Loan 2's right to modify its loan with Songhai, because there was testimony that RBA Capital had no dealings with end borrowers. Instead, RBA Capital acquired a security interest in the hundreds of mortgages American Loan 2 held and serviced. Regarding the finding that the satisfactions were forgeries, the trial court was free to believe Mr. Candell and Mr. Bricker that they did not sign those documents. Combined with the exhibits of record, their testimony was clear and convincing evidence of forgery.

Finally, 3006 Baltz St LLC failed to prove its affirmative defense that it was a subsequent, *bona fide* purchaser for value, because it presented no evidence supporting that claim. Moreover, equity will not permit such a result.

By forging the satisfactions, Songhai eliminated the possibility that a subsequent purchaser could be *bona fide* in the eyes of equity. A defrauded mortgagee (*i.e.*, American Loan 2) retains greater equity in the property than a purported, subsequent, *bona fide* purchaser (*i.e.*, 3006 Baltz St LLC), even if the subsequent purchaser was ignorant of the fraud.[1]

The parties are directed to attach a copy of Judge Campbell's Findings of Fact and Conclusions of Law to this Memorandum in all future proceedings concerning this property. Based upon the foregoing and the other reasoning in Judge Campbell's decision, we affirm the order denying post-trial motions.

Judgment affirmed.

Judge Murray joins the memorandum.

Judge Bowes concurs in the result.

---

[1] The Supreme Court of Pennsylvania has long held a subsequent party's "equity does not rise higher, nor as high, as that of [a defrauded party in the chain of title,] who was in complete ignorance of the fraud . . . ." **Thees v. Prudential Ins. Co. of Am. of Newark**, 190 A. 895, 896 (Pa. 1937). Where, as here, the Recorder of Deeds has recorded a satisfaction "without the authority of the mortgagee[, i]t is immaterial whether the want of authority is the result of fraud or of mistake." **Brown v. Henry**, 106 Pa. 262, 268 (1884). "The authority to enter satisfaction is lacking in either case, and because of its absence the satisfaction is worthless." **Id.** As the $110,000 satisfaction was worthless, the trial court correctly held that 3006 Baltz St LLC could not be a subsequent, *bona fide* purchaser for value by relying upon that forged document.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/21/21