## Lemmon *v.* The East Palestine Rubber Company, Appellant.

*Corporations—Contracts—Entire or divisible — Sale of stock — Payment—Consideration—Agreement to obtain purchaser for subscriber's holdings—Breach—Suit against corporation—Defenses— Ultra vires—Estoppel.*

1. A principal cannot avail himself of the benefits of an agent's act, and at the same time repudiate his authority.

2. A corporation may not avail itself even of ultra vires as a defense where a contract has been entered into and executed in good faith by the other party and the corporation has received the benefit of the performance.

3. Where a subscription to the capital stock of a corporation was made upon the faith of a guarantee of the corporation signed by the treasurer on its behalf, that it would furnish the subscriber with a buyer for the stock within six months, if desired, at a price to net the subscriber a profit of $2.50 per share, and the subscriber paid the company for the stock, the company was liable at the expiration of six months, upon its failure to furnish a purchaser for the stock upon request, in accordance with the agreement, and the defense that the contract was ultra vires and that the treasurer was not authorized to make such a contract was without merit.

Argued Oct. 11, 1917. Appeal, No. 116, Oct. T., 1917, by defendant, from judgment of C. P. Allegheny Co., April T., 1915, No. 2066, on verdict for plaintiff, in case of Brice W. Lemmon v. The East Palestine Rubber Company, a corporation organized under the laws of the State of Ohio. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and WALLING, JJ. Affirmed.

Assumpsit on a guarantee. Before REID, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $6,195.40 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*S. S. Robertson,* with him *H. R. Birmingham,* for appellant.—The contract made by the treasurer was ultra vires and the corporation is not estopped to plead such defense: Vent v. Duluth Coffee Spice Co., 64 Minn. 307; Ophir Consolidated Mines Co. v. Brynteson, 143 Fed. Repr. 829; Porter v. Plymouth Gold Mining Co., 74 Pac. Repr. 938; Dickinson v. Zubiate Mining Co., 106 Pac. Repr. 123; Schulte v. Boulevard Gardens Land Co., 129

Pac. Repr. 582; Fleitmann v. Stone Cotton Mills, 186
Fed. Repr. 466; Roush v. The Illinois Oil Co., 180 Ill.
App. 346.

The contract is not an entire one: Chase v. Sycamore,
Etc., R. R. Co., 38 Ill. 215; Hall v. Sims, 106 Ala. 561;
Brewers Fire Insurance Co. v. Burger, 17 N. Y. 56; Peoples Freight Ry. Co. v. Hench, 2 Walk. 478; McCarty v.
Selinsgrove & North Branch R. R. Co., 87 Pa. 332.

*James Milholland,* with him *Sloan & Scott,* for appellee.—The contract made by the treasurer was the
contract of the corporation: Penna. Natural Gas Co. v.
Cook, 123 Pa. 170; Turnpike or Plank Rd. Co. v. Federal St., Etc., Passenger Ry. Co., 194 Pa. 144.

The contract was indivisible and entire and was not
ultra vires: Vent et al. v. The Duluth Coffee & Spice Co.,
64 Minn. 307; Ophir Consolidated Mines Co. v. Byrnteson, 143 Fed. 829; Dickinson v. Zubiate Mining Co., 106
Pac. Repr. 123; Schulte v. Boulevard Gardens Land Co.,
129 Pac. Repr. 582; Fleitmann v. Stone Cotton Mills, 186
Fed. Repr. 466; Bank of Peoria v. Peoria Watch Co., 190
Ill. 128 (This case not reported) ; Republic Life Insurance Co. v. Swigert, 135 Ill. 150; United States Mineral
Co. v. Camden et al., 106 Va. 663; Wisconsin Lumber
Co. v. The Greene and W. Tel. Co., 127 Iowa 350; McIntyre v. Bement Sons, 146 Mich. 74; Fremont Carriage
Co. v. Thompson, 65 Nebr. 370; Porter v. Plymouth Gold
Mining Co., 29 Mont. 347.

Although the contract was ultra vires, the defendant,
having received the benefit, is estopped to plead such defense: Doylestown, Etc., Turnpike Road Co. v. Philadelphia & Easton Elec. Ry. Co. (1), 49 Pa. Superior
Ct. 381; Dougherty v. Hunter, 54 Pa. 380; Goldbeck v.
Kensington Nat'l Bank, 147 Pa. 267; Dallas v. Columbia Iron and Steel Co., 158 Pa. 444; Bascom v. Danville
Stoves Mfg. Co., 182 Pa. 427; Wyss-Thalman v. Beaver
Valley Co., 219 Pa. 189; DeForest v. Northwest Townsite Co., 236 Pa. 125; Ramble v. Penna. Coal Co., 47 Pa.

Superior Ct. 28; Meyer v. Blair, 109 N. Y. 600; Morgan
v. Struthers, 131 U. S. 246; Bole v. Fulton, 233 Pa. 609;
Porter v. Plymouth Gold Mining Co., 74 Pac. Repr. 738.

OPINION BY MR. JUSTICE MESTREZAT, January 7, 1918:
There is no merit in the defense to this action. It is
purely technical and should not be permitted to prevail
unless the law clearly commands it. The plaintiff, by a
contract in writing signed by himself and the defendant
company, by its treasurer, and to which its seal was at-
tached, purchased of the defendant 200 shares of its
capital stock at $25 per share, and there was a stipula-
tion in the contract that the defendant would furnish
plaintiff a buyer for the stock within six months, if de-
sired, at a price to net the plaintiff a profit of $2.50 per
share. The plaintiff gave his note for the stock, which
was paid at maturity, and the money went into the treas-
ury of the company. The stock remained in its custody.
The defendant, at the expiration of six months and on re-
quest of plaintiff, declined or neglected to furnish him
with a purchaser for his stock in accordance with the
agreement between the parties, and this suit was brought
to recover damages for the breach of the contract. The
jury returned a verdict for the plaintiff, and the court
below directed judgment to be entered thereon.

It is not denied by the defendant company that the
treasurer was empowered to contract for the sale of the
stock to the plaintiff, but it contends that the part of the
contract which relates to procuring a purchaser for the
stock is invalid. It is claimed that the treasurer was with-
out authority to make this part of the agreement; that
it was ultra vires; and that the contract was divisible,
the sale of the capital stock being valid and enforceable
and the agreement to furnish a purchaser for the stock,
if the plaintiff desired to sell within six months, was
separate and collateral to the other part of the agree-
ment. It will be observed that the two parts of the
agreement are in one and the same instrument of writing

which was signed by the parties and the seal of the defendant affixed but once. The contract was clearly entire and indivisible. Such was the manifest purpose of the parties. It would.be wholly without reason, under the circumstances of the case, to suppose that the plaintiff intended to enter into two contracts, one by which the defendant sold the stock to the plaintiff and another, a separate agreement, by which the plaintiff was to be protected in case the stock proved to be valueless or not above par at the end of the six months, which manifestly was the inducement for plaintiff to make the investment. The contract on its face shows that the defendant was quite willing and felt justified in agreeing to furnish a purchaser for the plaintiff's stock at the increased price, as it declares the Automobile Supplies Company had sold the whole output of its plant, thereby insuring the success of the business. It is to be noted that the plaintiff avers in his affidavit of claim that he was induced by the provision in question to enter into the contract for the purchase of stock, and the averment is not denied in the affidavit of defense. The provision for furnishing to the plaintiff a customer for his stock was, therefore, an inducement for the plaintiff to agree to purchase the stock and, hence, was part of the consideration for plaintiff to make the purchase.

We think the contract to procure a purchaser was not ultra vires. The sale was not made to plaintiff as an original incorporator but of undisposed stock remaining in the treasury. The learned court below has cited many authorities which sustain this position.

We also concur with the trial court that the defendant is estopped to plead ultra vires as a defense in this action. As observed above, it is not alleged that the treasurer did not have authority to contract in behalf of the corporation for the sale of the stock and receive payment therefor, and the only denial of his authority is that he could not bind the corporation to furnish a purchaser for the plaintiff's stock, but, as already pointed out, he en-

tered into a contract which is entire and indivisible for the sale of the stock and to procure a purchaser therefor for the plaintiff within a specified time. He received the five thousand dollars, the full consideration for the stock, and it went into and is still retained in the treasury of the company without any offer by the company to return it to the plaintiff although the defendant has refused to perform the other part of its contract. There has been complete and perfect performance of the contract by the plaintiff, of which the defendant company has received and still retains the benefit. It is, therefore, not in a position and will not be permitted to deny either the authority of its agent in negotiating the contract or its liability to comply with its terms. Such is the settled doctrine of this court as announced in a long line of decisions, one of the more recent of which is Presbyterian Board v. Gilbee, 212 Pa. 310, where it is said (p. 314): "It is repugnant to every sense of justice and fair dealing that a principal shall avail himself of the benefits of an agent's act, and at the same time repudiate his authority. A corporation may not avail itself even of ultra vires as a defense where a contract has been entered into and executed in good faith by the other party and the corporation has received the benefit of the performance."

Judgment affirmed.