## Rossman v. American Express Company, Appellant.

*Malicious prosecution—False arrest—Principal and agent—Implication as to authority—Protection of goods.*

An express company may be held liable for a false arrest directed by the assistant general agent; when it appears that goods had been stolen from the company, that an organized attempt was being made by the company to prevent further thefts and recover goods stolen, and that plaintiff was arrested with several others alleged to have been implicated with him in the thefts.

In the absence of proof of express authority, an implication thereof can arise, in the case of a subordinate agent, only when the arrest is made for the protection of the principal's property in danger, for its recovery, or to prevent a crime at the time being committed.

Argued Oct. 15, 1918. Appeal, No. 277, Oct. T., 1918, by defendant, from judgment of Municipal Court, Philadelphia Co., March T., 1918, No. 403, on verdict for plaintiff in case of Louis Rossman, by his brother and next friend, Samuel Rossman, v. American Express Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for false arrest.

At the trial the jury returned a verdict for $500 on which judgment was entered.

*Error assigned* was refusal of defendant's motion to enter judgment for defendant non obstante veredicto.

*William A. Schnader,* with him *Thomas DeWitt Cuyler,* for appellant.—There was no evidence to support a verdict and judgment against the defendant: Markley v. Snow, 207 Pa. 447; Cannon v. Sharon & Wheatland Street Ry. Co., 216 Pa. 408; Kiley v. Dilworth, 55 Pa. Superior Ct. 329.

*F. Carroll Fow,* with him *Nathan Griffith,* for appellee.

OPINION BY WILLIAMS, J., December 12, 1918:

Defendant appealed from a judgment entered on a verdict for plaintiff for false arrest. Refusal to enter judgment n. o. v. is the error assigned.

Appellant argues there was no evidence of the authority of defendant's agent to direct the arrest on behalf of the company. In the absence of proof of express authority, an implication thereof can arise, in the case of a subordinate agent, only when the arrest is made for the protection of the principal's property in danger, for its recovery, or to prevent a crime at the time being committed: Markley v. Snow, 207 Pa. 447; Kiley v. Dilworth, 55 Pa. Superior Ct. 329.

Plaintiff was a helper, working with John de Rienzi, one of defendant's drivers, up to February 18, 1918. February 19th, he was ordered to report at the company's office, where he was interrogated by Simpson, the assistant general agent, as to whether he had been to Fourth and Callowhill on the previous Friday with Rienzi, who, plaintiff was told, had been arrested for stealing goods; and whether he knew anything concerning the visit. Plaintiff's answers failing to disclose any knowledge, Simpson took him to City Hall, where he was left in the hallway while Simpson went into the detective bureau; Simpson came out, accompanied by Brown, a city detective, who examined plaintiff along the same lines of inquiry without success. Simpson said "Lock him up"; Brown arrested him and he remained in jail for some time. Simpson testified against plaintiff at the hearing but he was discharged. The officer in charge of the docket testified plaintiff had been charged with several others with larceny; one being charged with receiving stolen goods.

At the trial of the present case Simpson testified the company had been troubled with men stealing, and city detectives had been covering the house on Callowhill

street; that Rienzi was arrested by their department for larceny; that he (Simpson) had appeared before the magistrate to identify the "cloth which was stolen"; that the Wells-Fargo detective had discovered that goods were being delivered to Fourth and Callowhill.

It is clear goods were being stolen from defendant; that an organized attempt was being made by the company to prevent further thefts, and to recover goods stolen; that plaintiff was arrested with several others, one charged with receiving stolen goods, and another "by our department," all charged with larceny and that Simpson went to the hearing to identify the goods stolen. The arrest was made at the request of Simpson, assistant general agent of the company.

We can see no difference in principle between a single arrest to protect or recover the principal's property, and a group of arrests to accomplish the same purpose; and the inference is plain that plaintiff's arrest was part of a well-planned effort of the company's employees to protect it from further losses.

The judgment is affirmed.