## Godfrey et al. v. Ziemak

*James R. Wilson*, for plaintiffs; *John H. Gossling*, for defendant.

LAMBERTON, J., December 29, 1932.—On January 20, 1925, defendant purchased a piece of real estate, known as No. 2619 Edgemont Street, in the City of Philadelphia, and on the same day executed and delivered his bond and mortgage secured thereon to "Charles B. D. Richardson, Francis V. Godfrey and J. Weer Chew, Trustees of Remembrance Lodge No. 731, I. O. O. F." The $2500 in question was paid out of the treasury of the lodge and was sent to North Philadelphia Trust Company, by which settlement was being made, together with a letter of instruction in regard thereto, from Charles B. D. Richardson, one of the trustees. On June 10, 1930, defendant sold this property and settlement was held at the Frankford Trust Company. The mortgage being overdue, the Frankford Trust Company sent its check in the sum of $2563.50, being principal, interest and satisfaction fee, to Charles B. D. Richardson, said check being drawn to the order of "Charles B. D. Richardson, Trustee." Mr. Richardson endorsed this check as trustee and also individually and collected the proceeds. Mr. Richardson died November 5, 1931, and on June 29, 1932, Francis V. Godfrey and J. Weer Chew, as surviving trustees, entered judgment on the bond and proceeded to advertise the property for sheriff's sale. Defendant has taken a rule to show cause why the judgment should not be opened, and the case comes before us on petition, answer and depositions.

Charles B. D. Richardson was a lawyer of good repute in the City of Philadelphia. In securing the mortgage in question, defendant saw only Richardson and did not see the other two trustees. Subsequent interest payments were made to Richardson. Richardson did not turn over the principal received to his fellow-trustees or to the lodge, but appropriated the same to his own use. His cotrustees did not authorize Richardson to receive the principal, nor did they know that he had received it until after his death. The question involved is whether the payment to Richardson was in fact a payment to the trustees.

Defendant first contends that the payment here was a valid payment of principal because it was made by check payable to the order of one of the trustees and endorsed by him. This position is untenable. As early as 1845, in the case of Vandever's Appeal, 8 W. & S. 405, 409, our Supreme Court said:

"When the administration of a trust is vested in cotrustees, they all form but one collective trustee. They must, therefore, execute the duties of the office in their joint capacity. Thus a receipt for money or a certificate of bankruptcy, &c., must receive the joint signature of the whole body; for the power, interest

and authority of co-trustees in the subject-matter of the trust being equal and undivided, they cannot like executors act separately, but all must join."

The case of Fesmire et al. v. Shannon et al., 143 Pa. 201, 210, is identical on its facts with the case here presented except that it concerns executors instead of trustees. After stating that the rule in regard to executors is different from the rule in regard to trustees, and giving the reasons therefor, the court said: "Had the defendant given a mortgage to trustees for a part of the trust fund, a payment to one of them without the knowledge or consent of the others would not have been a good payment, and a release by one of them would not have discharged the debt." There are many cases in Pennsylvania to the same effect, and we have been referred to none to the contrary: Bohlen's Estate, 75 Pa. 304; De Haven et al. v. Williams et al., Exec'rs, 80 Pa. 480; Lafferty's Estate, 184 Pa. 502.

The next question to be determined is whether Richardson was an agent of the trustees so that his receipt of the principal bound his cotrustees. The burden is on the one alleging agency to prove such fact and its extent: Dobbs, Exec'r, v. Zink et ux., 290 Pa. 243. Agency may be express or implied: Dobbs, Exec'r, v. Zink, supra. There is no evidence whatever of express agency in this case and quite convincing evidence to the contrary. Francis V. Godfrey, one of the trustees, testified that Richardson had never been authorized to receive the principal of this or of any other mortgage, and that no other payments of principal had ever been made to him.

Implied agency is a question of fact and may be found from the surrounding circumstances: Himes v. Herr, 3 Pa. Superior Ct. 124; Patterson, Trustee, v. Van Loon, Exec'r, 186 Pa. 367; Singer Mfg. Co. v. Christian, 211 Pa. 534. If there is evidence which, if believed, would be sufficient to support a finding of implied agency as a fact, the question is for the jury: Patterson, Trustee, v. Van Loon, Exec'r, supra; Colonial Trust Co. v. Davis et ux., 274 Pa. 363; Dobbs, Exec'r, v. Zink et ux., supra. If, however, all the evidence if taken as true would not support such a finding, the question is for the court. The question of implied agency cannot be submitted to a jury where there is not sufficient competent evidence to support an affirmative finding.

In this case, we have first the fact that Richardson acted for all of the trustees at the time the loan was granted, giving instructions to the title company as to the terms of the mortgage, the title certificate to be issued, etc. This is only what any lawyer would do in representing a mortgagee and gives rise to no inference of agency to collect the principal: Colonial Trust Co. v. Davis et ux., supra. Richardson also collected the interest. This likewise has been held in numerous decisions to be insufficient. As was said in Williams v. Cook, 289 Pa. 207: "The mere authority to collect interest does not give the right to accept principal in satisfaction of the outstanding claim:" Mynick v. Bickings, 30 Pa. Superior Ct. 401; Browne et al. v. Hoekstra, 279 Pa. 418.

There have been many cases in which payment of principal to an agent of a mortgagee has been held to bind the mortgagee. But these have been cases in which there was a course of conduct on the part of the mortgagee from which authority might be implied in the agent to collect the principal, as, for example, where there had been previous payments on account of principal made to the agent which had been received by the mortgagee without protest: Himes v. Herr, supra; Patterson, Trustee, v. Van Loon, Exec'r, supra,; Colonial Trust Co. v. Davis et ux., supra; Dobbs, Exec'r, v. Zink et ux., supra.

The border line case is that of Browne et al. v. Hoekstra, supra, which is almost identical with the instant case except for the added fact that there had been a previous payment of principal on another mortgage to the agent, which

had been received by the mortgagee without protest. In that case plaintiff sought by bill in equity to have the mortgage satisfied of record, and the lower court so decreed. The Supreme Court affirmed, but issued a warning to mortgagors that this decision would not be stretched one iota beyond the exact facts involved, using the following language (p. 424):

"From the evidence disclosed in this record and the inferences to be derived therefrom, drawing them in plaintiff's favor, and in the light of the court's finding of the untrustworthiness of defendant's testimony, we have concluded the decree should be affirmed, but in so deciding we desire to admonish those who deal with agents claiming to be authorized to receive the principal of mortgages, that the mere possession of the mortgage papers is not sufficient to establish agency, and to call attention to the fact that a mortgagor before paying his indebtedness to an agent can fully protect himself by demanding the exhibition of a power of attorney authorizing the receipt of the principal or by inquiry from the mortgagee as to whether payment to the agent is authorized."

From a careful reading of this opinion, we are convinced that if the fact of previous payment of principal to the agent and acceptance thereof by the mortgagee had not been present, the Supreme Court would have reversed. That element being lacking here, we believe that there are not sufficient facts from which a jury would be justified in finding that Richardson in receiving payment of the principal was acting as the agent of the other trustees. Therefore, the judgment should not be opened.

And now, to wit, December 29, 1932, defendant's rule to show cause why the judgment should not be opened and defendant let into a defense is discharged.