# Herman Nelson Corporation, Appellant, *v.* Welty et al.

Argued October 3, 1933. Before FRAZER, C. J., SIMP-SON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*William H. Burd,* for appellant.

*F. J. Hartmann,* with him *Fred J. Fees,* for appellees.

OPINION BY MR. JUSTICE DREW, November 27, 1933:

Plaintiff, a corporation, engaged in the manufacture and sale of heating and ventilating equipment, seeks in this action of assumpsit to recover the purchase price of certain merchandise sold to defendants on two written contracts. Defendants admit that they received the goods, but set up in defense payment in full to plaintiff's salesman, one Rinkenberger. That such payment was made is not denied, but Rinkenberger did not pay over the money, and plaintiff bases its right to maintain this action upon the ground that Rinkenberger lacked authority to receive payment. The jury returned a verdict for defendants, and from the judgment entered thereon plaintiff appeals, assigning as error the overruling of its motions for binding instructions and for judgment n. o. v.

Appellant has its home office at Moline, Illinois. For eight years prior to 1932, Rinkenberger was its sales agent for a number of counties in western Pennsylvania and maintained an office and showroom in Johnstown. In his agency contract with appellant for 1931, it was expressly stated: "You are given no authority to make collection of accounts." On April 18, 1931, and June 6, 1931, Rinkenberger solicited and obtained from defendants, on appellant's behalf, signed orders for certain ventilating equipment. These orders were written on printed forms which stated that all orders were subject to the approval of the home office at Moline, and that "All payments shall be direct to the Home Office of the Herman Nelson Corporation, Moline, Illinois." These orders were approved by appellant's home office, and thus became the contracts between the parties. The goods were delivered, and subsequently defendants gave Rinkenberger a check drawn to appellant in payment for one of the orders. Several days later, Rinkenberger called on defendants and suggested that if they would

then pay both accounts he would give them six per cent discount instead of the five per cent provided in the contracts, and that if the checks were made payable to him he would pay certain costs incurred in the installation of the equipment and settle with appellant. Although in all their previous dealings defendants had paid by check to appellant's order, on this occasion Rinkenberger's suggestion was sufficiently persuasive to cause defendants to take back from Rinkenberger the check already drawn to appellant's order and to give him checks to his own order in payment of both accounts. Rinkenberger never remitted to appellant, and this action followed.

At the trial, defendants produced evidence that Rinkenberger, on a number of occasions in 1929, 1930 and 1931, had collected money from other parties to whom he had sold goods, and had then paid appellant by his own check. In two of these instances, Rinkenberger testified, the orders of the purchasers had been made on order blanks identical with those involved in the instant case. Defendants do not contend that at the time they paid Rinkenberger they knew of these transactions, and do not attempt to maintain that their payment to him was made in reliance on any apparent authority possessed by him. Defendants' only contention, and the ground of the decision in the court below, is that the course of dealing between Rinkenberger and appellant, with regard to these other sales to other people, proves that Rinkenberger, despite the express provisions in his contract of agency and in their own contracts with appellant, actually had authority to collect the money due appellant, and that therefore the payment to him was a valid discharge of their debt.

This argument is made in reliance upon Dobbs v. Zink, 290 Pa. 243, in which we held that evidence that an agent to collect interest on mortgages had been permitted to collect the principal sum of other mortgages was admissible to prove that the agent possessed actual authority,

implied from this course of dealing, to collect the principal of the mortgage in suit, although it was not shown that the defendants had knowledge of these transactions at the time they paid the agent. That such evidence of acquiescence by a principal in a series of acts by his agent is proper to show the authority of the agent to do similar acts in the future is, of course, well settled: Barrington v. Bank of Washington, 14 S. & R. 405; The Odorilla v. Baizley, 128 Pa. 283; Patterson v. Van Loon, 186 Pa. 367; Colonial Trust Co. v. Davis, 274 Pa. 363; see Restatement of Agency, section 43. And, since acquiescence gives rise to actual, and not merely apparent, authority for the agent to perform the acts in question, it is unnecessary that the course of dealing be known and relied upon by a third party who deals with the agent. As was said by the present Chief Justice in Dobbs v. Zink, supra, "To establish implied agency by acts and declarations of the agent, it was not necessary to show defendant's knowledge of such acts. Implied agency is actual agency, and the difference between it and express agency is mainly one of method of proof; accordingly it is immaterial whether or not the third person had knowledge of the circumstances relied upon to establish the extent of the authority. In this respect implied authority differs from agency by estoppel where there is no real agency but merely circumstances which estop a person from denying the existence of agency." See also Murphy v. Cane, 82 N. J. L. 557; Mechem, Agency (2d ed.), section 717; 2 C. J. 444. However, this doctrine is not applicable to the facts of the instant case.

Whatever powers in other transactions Rinkenberger may have been given by appellant in excess of those conferred in his contract of agency, here the contracts between appellant and defendants definitely provided that payment should be made not to the agent but directly to the principal. This was as strong a negation as it was possible to make of any authority in Rinkenberger to

collect any sums due appellant under the contracts. Under these circumstances there can be no room for such an argument as defendants make; the acquiescence of appellant in collections made by its agent on other contracts with other parties cannot be construed as a manifestation of consent that the agent should have authority to receive payment on these contracts. To hold otherwise would be to say that under the circumstances it was impossible for appellant to make an arrangement by which payment would be made directly to the company. The course of dealing between Rinkenberger and his principal in prior transactions with other parties was powerless to expand his authority beyond the limits imposed in this transaction by the parties themselves in their written contracts. Since Rinkenberger had no authority, real or apparent, to receive payment of defendants' debt to appellant, their payment to him did not discharge their obligation under their contracts with appellant, and the judgment in their favor must be reversed.

The judgment is reversed, and the record is remitted to the court below with directions to enter judgment for plaintiff for the full amount claimed.