Schroeder, Appellant, *v.* Blauner's Inc.

Argued April 19, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Sylvan H. Hirsch,* with him *Arthur Cooper* and *Max Aron,* for appellant.

*Ira Jewell Williams, Jr.,* with him *Ira Jewell Williams* and *C. M. Willits,* for appellee.

OPINION BY MR. JUSTICE LINN, May 22, 1944:

This appeal is from an order sustaining an affidavit of defense raising questions of law to plaintiff's second amended statement of claim.

Plaintiff sued for the difference between what he paid and what he received for 50 shares of the stock of defendant corporation. He averred that in 1928, Sidney Blauner, Vice-President and General Manager of defendant, authorized to do so, called a meeting of certain of its employes who were named in the statement. He informed them that defendant was about to issue new stock and desired the employes to become stockholders and agreed that defendant would indemnify any who purchased stock against loss resulting from the purchase

if they were discharged; that, accepting the offer, plaintiff gave his order for 50 shares to Sidney Blauner's secretary who transmitted it to stockbrokers from whom plaintiff purchased the stock. He avers that, as such employes were discharged, defendant indemnified them by paying them what they had paid for their stock.[1]

[1] The second amended statement contained these averments: "4. At this said meeting the said Sidney Blauner, acting for and on behalf of defendant, with authority so to act, explained to the employes assembled that defendant was about to issue some new stock for the purpose of reorganizing the ownership of the business of defendant, and that defendant was desirous that its employees should purchase portions of the said issue of stock because defendant wanted its employees to have a greater and more direct interest in the business of defendant as stockholders than they had had prior thereto as employees only.

"5. Further, at this said meeting, the said Sidney Blauner, acting for and on behalf of defendant, with authority so to act, specifically orally agreed that defendant would indemnify any of the purchasers of the said stock, including the plaintiff, against, and would save them or any of them, including the plaintiff, from any loss resulting from their purchases of any of the said stock, in the event defendant discharged any of its employees so purchasing the stock from its employment; and, further, it was specifically orally agreed by the said Sidney Blauner, Vice-President and General Manager of defendant, acting for and on behalf of defendant, with authority so to act, that, in order to indemnify the said employees who made purchases of the said stock, including the plaintiff, against, and to save any and all of them from any loss resulting from their purchases of the said stock, defendant would, in the event any of the said employees were discharged from its employment, purchase from the said discharged employees their holdings of defendant's stock at the same price paid by them for the said stock.

"6. On or about December 20, 1928, at the solicitation and request of defendant, through its agent and Vice-President and General Manager, Sidney Blauner, as set forth in Paragraphs 3, 4 and 5 hereof, plaintiff purchased 50 shares of the common stock of defendant, for which plaintiff paid $57.00 per share, or a total of $2,850.00. Pursuant to the instructions of the said Sidney Blauner, plaintiff gave his order for the said stock to the secretary of the said Sidney Blauner, and plaintiff's order was transmitted to Eastman, Dillon and Company, stock brokers, from whom plaintiff purchased

He avers that when he was discharged, defendant declined to indemnify him as agreed, whereupon he sold the stock which had cost him $2,850.00 for $131.25. The learned court sustained two of the objections made in the affidavit of defense raising questions of law, holding first that plaintiff could not recover on the oral contract because it was not in writing as required by the Act of May 19, 1915, P. L. 543, as amended by the Act of April 27, 1925, P. L. 310, 69 PS section 42,[2] and second, that the agent's authority was inadequately averred.

We agree that if this had been a mere contract for the purchase of stock there could be no recovery. We think, however, that plaintiff has sufficiently averred a contract of indemnity to require a defense on the merits. It is not contended that the contract of indemnity was required to be in writing.

After the learned court below wrote its opinion specifying that one of the two grounds for its action was want of averment of Sidney Blauner's authority, the plaintiff filed a second amended statement to meet the objection stated by the learned judge. The eighth para-

the said 50 shares of stock. And most of the other employees called to the said meeting made similar purchases of stock.

"7. The said oral agreement set forth in Paragraphs 4 and 5 hereof were the inducing cause of the purchase by plaintiff of the said 50 shares of common stock, and plaintiff avers that, unless such promises had been made, he would have been unwilling to purchase the said stock.

"8. From time to time, as defendant discharged from its employment these said employees who purchased this stock, defendant indemnified them against and saved them harmless from any loss as a result of the said purchase of stock, by paying to them the said price for the said stock which they, these discharged employees had paid, pursuant to the said oral agreement of defendant as set forth in Paragraphs 4 and 5 hereof."

[2] This Act provides: "A contract to sell . . . any . . . choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the . . . choses in action . . . and actually receive the same, or give something in earnest to bind the contract, or in part payment . . ."

graph, quoted above, was a new paragraph not contained in the original statement, and is to the effect that, as employes, participating as described in the statement, were discharged, the defendant indemnified them ". . . by paying to them the said price for the said stock which they, these discharged employees had paid, pursuant to the said oral agreement of defendant. . ." The fact that the defendant, in cases of other employees, pursuant to similar contracts, indemnified them against loss on their shares at the time of discharge, is evidence to go to the jury, sufficient, if believed, to prove Blauner's authority: compare *Dobbs v. Zink,* 290 Pa. 243, 247, 138 A. 758; *Herman Nelson Corp. v. Welty,* 313 Pa. 123, 169 A. 74.

In appellee's brief, a third ground of demurrer, not considered by the learned court below, was referred to. It was suggested the contract alleged was beyond the corporate power of the defendant. All that need be said about it on this stage of the record is we find nothing in the statement of claim to show that the contract was beyond its authority. Compare *Lemmon v. E. Palestine Rubber Co.,* 260 Pa. 28, 103 A. 510.

Order reversed and record remitted for further proceedings.